742 F.2d 1215
 UNITED STATES of America, Plaintiff-Appellee,
v.
Corey WRIGHT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry PUCCINELLI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry STEARNS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Terry STEARNS, Defendant-Appellee.
 Nos. 83-1205 to 83-1207, 83-1224.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 16, 1984.
Decided Sept. 18, 1984.
 
 Donald B. Ayer, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.
 Steven D. Bauer, Sacramento, Cal., Doris L. Shockley, West Sacramento, Cal., Sandra Gillies, Sacramento, Cal., for defendant-appellant.
 Appeal from the United States District Court For the Eastern District of California.
 Before HUG and FERGUSON, Circuit Judges, and WATERS,* District Judge.
 HUG, Circuit Judge:
 
 
 1
 Corey Wright, Perry Puccinelli, and Terry Stearns were indicted under 21 U.S.C. Secs. 841 and 846 for their participation in a scheme to grow, possess, and distribute marijuana. Count I charged the appellants with conspiracy to possess with intent to distribute a quantity of marijuana exceeding 1,000 pounds, thus subjecting the appellants to an enhanced penalty. Count II charged the appellants with the substantive crime of possession of marijuana with intent to distribute. Count II did not charge possession of more than 1,000 pounds of marijuana. Numerous issues are raised:
 
 
 2
 1. Whether the proof impermissibly amended the indictment;
 
 
 3
 2. Whether the evidence was sufficient to support the verdict;
 
 
 4
 3. Whether the penalty enhancement was proper on a charge of conspiracy;4. Whether the instruction on aiding and abetting was proper;
 
 
 5
 5. Whether the instruction on unanimity of the jury verdict was erroneous;
 
 
 6
 6. Whether admitted evidence violated the Bruton rule;
 
 
 7
 7. Whether the conviction of Stearns for conspiracy to possess less than 1,000 pounds of marijuana can stand when the conviction of his coconspirators was for conspiracy to possess over 1,000 pounds of marijuana.
 
 
 8
 The jury entered a verdict of conviction against all defendants on Count II. On the conspiracy count, Count I, the jury entered a verdict against Wright and Puccinelli for conspiracy to possess with intent to distribute a quantity of marijuana exceeding 1,000 pounds but convicted Stearns for conspiracy to possess with intent to distribute less than 1,000 pounds of marijuana. The district judge entered a judgment of acquittal on the conspiracy count against Stearns. We uphold the verdict of the jury on all counts. We affirm the judgments of conviction as entered and hold that the district court erred in setting aside the jury verdict convicting Stearns of conspiracy.
 
 
 9
 * FACTS
 
 
 10
 Appellants were charged with operating a marijuana plantation in northeastern California. The evidence at trial showed that Wright purchased 120 acres of land in a secluded area. The parcel included a meadow surrounded by heavily wooded areas. Wright arranged for a well to be dug and purchased a pump and generator.
 
 
 11
 The plantation remained hidden until late August 1982, when a deer hunter discovered it and alerted the Plumas County Sheriff. Sheriff's surveillance teams observed that a trailer had been moved onto the property and painted with camouflage paint, as had the generator. An elaborate irrigation system had been erected, including overhead sprinklers and a network of plastic pipe that had been laid above ground and camouflaged. Nearly 4,500 plants were growing, about half of them approximately five feet tall. The surveillance teams also observed and later identified Puccinelli and Stearns moving around the plantation and caring for the plants. They noted that Stearns sometimes carried a gun.
 
 
 12
 Following a raid by the surveillance team, the plants were harvested by the government agents. Shortly after harvesting they weighed 1,160 pounds. Two plastic garbage bags of marijuana leaves were also seized. Together these weighed fifty pounds.
 
 
 13
 Appellants were indicted in Count I for conspiracy to possess in excess of 1,000 pounds of marijuana with intent to distribute and in Count II for possession of marijuana with intent to distribute.[1] Jury verdicts were entered convicting all defendants on Count II. The verdicts convicted Wright and Puccinelli on Count I of conspiring to possess with intent to distribute in excess of 1,000 pounds of marijuana but convicted Stearns of the lesser included offense of conspiring to possess less than 1,000 pounds of marijuana. The district court granted Stearns's post-trial motion for a judgment of acquittal on Count I.
 
 
 14
 On appeal, each man asserts several challenges to his conviction. The Government cross appeals the judgment of acquittal granted Stearns on Count I.
 
 II
 AMENDMENT OF INDICTMENT
 
 15
 Appellants moved for acquittal under Fed.R.Crim.P. 29 on the basis that the Government's proof at trial had constructively amended Counts I and II of the indictment. This claim was based on appellants' analysis of 21 U.S.C. Sec. 841(a)(1), which makes it unlawful "to manufacture, distribute, or dispense, or possess ..." a controlled substance. 21 U.S.C. Sec. 802(14) defines "manufacture" as "production," which is defined in turn in section 802(21) to include "planting, cultivation, growing, or harvesting...." Defendants contended that under section 841(a)(1) cultivation and possession are separate, mutually exclusive offenses. They argued that while the indictment charged them with possession, the Government's evidence at trial established cultivation, constructively amending the indictment.
 
 
 16
 "An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has passed them." United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir.1984) (emphasis omitted) (quoting United States v. Cusmano, 659 F.2d 714, 718 (6th Cir.1981)). An amendment is made when the court instructs the jury on a violation that is not charged in the indictment but that is consistent with the proof adduced at trial. United States v. Pazsint, 703 F.2d 420, 423 (9th Cir.1983); United States v. Stewart Clinical Laboratory, Inc., 652 F.2d 804, 807 (9th Cir.1981). The effect of such an instruction is to permit conviction on a charge not made by the grand jury. Stirone v. United States, 361 U.S. 212, 218-19, 80 S.Ct. 270, 273-274, 4 L.Ed.2d 252 (1960).
 
 
 17
 In this case, appellants were convicted on the facts presented to the grand jury; the facts adduced at trial were identical to those alleged in the indictment. The indictment labeled those facts a violation of section 841(a)(1)'s prohibition against possession of marijuana with intent to distribute. The jury was instructed on the elements of possession with intent to distribute and was specifically informed "that although cultivation of marijuana is a violation of federal law, the defendants are not charged with violating that law in this case." Appellants did not object to that instruction.
 
 
 18
 We agree that the evidence points more clearly to a violation of the cultivation provision of the statute. However, the cultivation and possession provisions are not mutually exclusive but overlapping. It is quite possible to possess with intent to distribute the marijuana that is being cultivated. As drafted, the indictment gave appellants sufficient notice of the charges against them. See United States v. Gordon, 641 F.2d 1281, 1283 (9th Cir.), cert. denied, 454 U.S. 859, 102 S.Ct. 312, 70 L.Ed.2d 156 (1981); United States v. Bohonus, 628 F.2d 1167, 1174 (9th Cir.), cert. denied, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980). The case proved by the Government was entirely consistent with that notice, and we find no indication that any action of the prosecutor or trial judge rendered the conviction inconsistent with the grand jury's charge.
 
 III
 SUFFICIENCY OF THE EVIDENCE
 
 19
 Under Count II of the indictment, Stearns was convicted of possession of marijuana with intent to distribute. He contends there was insufficient evidence to support this conviction. Stearns argues that his role in the conspiracy was merely that of a hired hand and that he therefore lacked dominion over the marijuana and the authority to dispose of it.
 
 
 20
 Stearns's argument raises interesting questions concerning what constitutes "possession" of growing crops in the field. The inquiries this issue inspires include whether Wright, as landowner, was sole possessor of the plants until they were harvested or whether the other conspirators' status as joint venturers also made them possessors of the unharvested plants. However, this case does not require us to resolve these questions. Stearns did not propose jury instructions that made possession of the plants contingent upon ownership of the land. He made no objection to the standard possession instruction given by the court. Moreover, not all of the marijuana seized at the plantation was unharvested. The two bags of dried marijuana leaves were an adequate basis for the possession charge. The bags were stacked immediately adjacent to the trailer. Evidence found inside the trailer permitted the jury to conclude that Stearns lived there and to associate the marijuana with his residence. There was also evidence of conduct by Stearns that was intended to exclude others from the area. This evidence was sufficient for a rational juror to find that Stearns had participated in possession of the two bags of marijuana with intent to distribute them. See Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979).
 
 IV
 PENALTY ENHANCEMENT PROVISION
 
 21
 Count I of the indictment charged Wright and Puccinelli with a conspiracy "to possess with intent to distribute marijuana ... in a quantity exceeding 1,000 pounds." This language incorporated 21 U.S.C. Sec. 841(b)(6), which mandates imposition of enhanced penalties for violations of section 841(a)(1) that involve large quantities of marijuana. Appellants claim there was insufficient evidence to permit application of the enhancement provision to them.
 
 
 22
 The amount of marijuana involved in the case was the chief factual dispute at trial. The Government's evidence showed that shortly after harvesting the plants, which had been either cut at the base or pulled up by the roots, weighed 1,160 pounds. The Government concedes that with the deduction of the weight of the stalks, as required by 21 U.S.C. Sec. 802(15), the marijuana at the plantation at the time of the raid did not weigh in excess of 1,000 pounds. Its contention, however, is that the convictions are justified because appellants conspired to produce and possess more than 1,000 pounds of marijuana. In the Government's view, appellants' failure to reach that goal is irrelevant.
 
 
 23
 The question presented is whether Congress, in enacting section 841(b)(6), intended that section's greater penalties to apply to a conspiracy to possess more than 1,000 pounds of marijuana, as well as to the actual possession of that amount. We conclude that it did.
 
 Section 841(b)(6) provides in part:
 
 24
 In the case of a violation of subsection (a) of this section involving a quantity of marijuana exceeding 1,000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and in addition, may be fined not more than $125,000....
 
 
 25
 This is clearly labeled a "penalty" provision, as distinguished from the "unlawful acts" prohibited by section 841(a). Section 841(b)(6) can apply to any section 841(a) offense "involving" more than 1,000 pounds of marijuana. Section 846 prohibits attempts or conspiracies to commit any of the substantive acts prohibited by section 841(a). The penalty for conspiracy is also specified in section 846; it "may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." Thus a person convicted of attempting or conspiring to violate section 841(a) is subject to the maximum penalty prescribed for the offense. In the case of an attempt to possess more than 1,000 pounds of marijuana, the maximum penalty is the one specified in section 841(b)(6).
 
 
 26
 This interpretation of section 841(b)(6) is consistent with the legislative history of the 1980 amendments to the Controlled Substances Act. Congress intended to impose harsh penalties on individuals who traffick in large quantities of marijuana. S.Rep. No. 916, 96th Cong., 2d Sess. 14, reprinted in 1980 U.S.Code Cong. & Ad.News 2858, 2871. The penalties were particularly aimed at "organizations" and "networks" that engage in large-scale trafficking. Id. We infer from this language an intent to penalize individuals who attempt or conspire to possess more than 1,000 pounds of marijuana.
 
 
 27
 The indictment thus properly charged a conspiracy to violate sections 841(a) and 841(b)(6). The jury's finding that Wright and Puccinelli attempted or conspired to possess more than 1,000 pounds of marijuana was supported by sufficient evidence. Wright's substantial investments in land and equipment suggest an intent to produce large quantities of marijuana. The sophisticated irrigation system and the conscientious and regular cultivation efforts by Puccinelli and Stearns support the same inference. The evidence also showed that, but for the intervention of state and federal agents, the plants would have grown for approximately six more weeks and attained significantly greater size and weight. The jury could easily have inferred from this evidence an agreement to attempt to produce and possess a quantity in excess of 1,000 pounds.
 
 V
 AIDING AND ABETTING INSTRUCTION
 
 28
 The Government requested a jury instruction indicating that Stearns could be convicted on Count II for aiding and abetting the possession of the marijuana with intent to distribute. It proposed a standard instruction based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions Secs. 12.02, 12.03, and 12.05 (1977).[2] After jury instructions had been settled and the Government had begun to put on its case, Stearns proposed an alternate aiding and abetting instruction based on United States v. Longoria, 569 F.2d 422, 425 (5th Cir.1978). That case considered the sufficiency of the Government's evidence to establish a charge of aiding and abetting the possession of cocaine with intent to distribute. The court held "there must be evidence connecting the defendant with both aspects of the crime, possession and intent to distribute." Id. Stearns's proposed instruction apparently[3] would have added similar language to the standard instruction. The district court gave the instruction proposed by the Government and not Stearns's proposed instruction.
 
 
 29
 To determine if the challenged instruction was adequate, we examine the instructions as a whole. United States v. Pazsint, 703 F.2d 420, 424 (9th Cir.1983); United States v. Burnette, 698 F.2d 1038, 1052 (9th Cir.), cert. denied, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983). The trial judge is given substantial latitude in tailoring the instructions. United States v. Gere, 662 F.2d 1291, 1295 (9th Cir.1981); United States v. James, 576 F.2d 223, 226 (9th Cir.1978). A challenge that pertains to the trial judge's language or formulation of the charge is therefore reviewed only for an abuse of discretion. Gere, 662 F.2d at 1295; James, 576 F.2d at 227.
 
 
 30
 We have approved the use of this standard instruction in a case involving possession of heroin with intent to deliver. United States v. Avila-Macias, 577 F.2d 1384, 1390 & n. 5 (9th Cir.1978). The instruction advised the jury in this case that it could only convict Stearns of aiding and abetting on a finding that he had participated in the commission of "every element of the offense as defined in these instructions." (Emphasis added.) An earlier instruction had correctly specified each of the elements of the charge of possession with intent to distribute. These included the possession of marijuana and the specific intent to distribute it. Read as a whole, these instructions properly conveyed to the jury the findings that were necessary to support a guilty verdict. Stearns's proposed instruction made no substantive change in the standard instructions, but merely reformulated the requirements. Its rejection therefore was not an abuse of discretion.
 
 
 31
 Burnette, 698 F.2d at 1050, and United States v. Jones, 592 F.2d 1038, 1041-42 (9th Cir.), cert. denied, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979), on which Stearns relies, are not to the contrary. Those cases involved convictions under 18 U.S.C. Sec. 2113(d), which penalizes armed bank robbery. The Burnette defendant requested an instruction to the effect that she could not be convicted of aiding and abetting the robbery unless the jury found that she knew the principal intended to use a gun in the robbery. We held refusal to give the instruction was error because the jury was not instructed on each of the essential elements of the crime. Burnette, 698 F.2d at 1050. As we have explained, the jury in the instant case was instructed as to each of the elements of the charge against Stearns.
 
 
 32
 Jones did not involve a refused jury instruction. The basis for the reversal in that case was that the prosecution had presented no evidence whatsoever that Jones knew the principal carried a gun and intended to use it. Jones, 592 F.2d at 1042. It is thus not relevant to Stearns's claims here.
 
 VI
 UNANIMITY INSTRUCTION
 
 33
 The district court gave the jury a standard instruction regarding the unanimity of its verdict:
 
 
 34
 In closing, I wish to admonish you that any verdict rendered by you must represent the considered judgment of each juror. In order to return a verdict or verdicts, it is necessary that each juror agree thereto. Your verdicts must be unanimous, twelve/zero vote[s].
 
 
 35
 Appellants claim this instruction was inadequate and threatened their rights to unanimous verdicts. Because they tendered no objection to the instruction at trial, we review this claim only for plain error. Pazsint, 703 F.2d at 424; United States v. Tornabene, 687 F.2d 312, 317 (9th Cir.1982).
 
 
 36
 Appellants rely upon United States v. Echeverry, 719 F.2d 974 (9th Cir.), modifying 698 F.2d 375 (1983). Echeverry held that when "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice." 719 F.2d at 975. The evidence presented in that case allowed the jurors to infer the existence of more than one conspiracy, and they manifested their confusion on the unanimity requirement by sending a note to the judge during their deliberations. Appellants point to nothing in this record that suggests "a genuine possibility of jury confusion." The three-count indictment was relatively simple and the evidence was not difficult to follow. Because there is no showing that this case was unique, the standard unanimity instruction was adequate. See United States v. Ferris, 719 F.2d 1405, 1407 (9th Cir.1983); Echeverry, 719 F.2d at 974.VII
 
 BRUTON CLAIM
 
 37
 The Government offered for admission the following letter, which was written by Puccinelli:
 
 
 38
 Dear Robin--
 
 
 39
 So here's the deal--. We're putting a big one together--have financing, property, equipment, etc. We're starting work about Thursday this week, would like to have Terry, if he's available, for an undetermined time, to help put it in, at least, and possibly for the duration. I expect we'll use you all for harvest....
 
 
 40
 (Emphasis in original.) Wright objected to admission of the letter. He claimed the phrase "have financing, property, equipment" would inculpate him since the jury had heard evidence that Wright had purchased land and equipment. Because Puccinelli had chosen not to testify, Wright contended that he was deprived of the right to explore Puccinelli's state of mind when he wrote the letter and that the letter's admission therefore violated his rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
 
 
 41
 The district court denied Wright's objection, but took careful precautions to limit the letter's application to Puccinelli. The jury was instructed when the letter was admitted and again at the close of the evidence that it was to be considered only as evidence against Puccinelli. The letter was redacted to remove all reference to persons other than Puccinelli, and each "we" was changed to "I." The letter was read to the jury, with a warning that redaction might have disturbed the letter's syntax, but that the jury should make no effort to "fill in the blanks." Finally, no copy of the redacted letter was given to the jury to review during its deliberations.
 
 
 42
 Wright's contention is that the letter was "powerfully incriminating," see Bruton, 391 U.S. at 135, 88 S.Ct. at 1627, because it was the only evidence directly tying him to the conspiracy. He concedes there was evidence showing he purchased land and equipment, but argues the jury could have viewed these activities as innocent if the letter had not been admitted.
 
 
 43
 The precautions taken by the district judge before he admitted the letter went considerably beyond those we approved in United States v. Brooklier, 685 F.2d 1208, 1218 (9th Cir.1982) (per curiam), cert. denied, 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983). The judge made every effort to protect Wright's interests while admitting evidence clearly admissible as to Puccinelli. As a result of careful editing, the letter incriminated no one other than Puccinelli. "Bruton does not require that all references to codefendants be eliminated. It only requires the elimination of those that directly implicate a defendant other than the declarant, when that identification is not established by independent evidence." United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir.), cert. denied, 454 U.S. 847, 102 S.Ct. 165, 70 L.Ed.2d 135 (1981). Here the jury would only have connected Puccinelli's reference to "financing, property, equipment" to Wright because of independent evidence that Wright had acquired the property, had a well dug there, and had supplied a pump and generator. The letter thus did not incriminate Wright without reference to other, admissible evidence. See United States v. Tavelman, 650 F.2d 1133, 1139 (9th Cir.1981), cert. denied, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982). Because the letter was not "powerfully incriminating," its admission did not violate Bruton.
 
 VIII
 INCONSISTENT VERDICTS
 
 44
 The jury was instructed that if it found the appellants not guilty of the conspiracy to possess more than 1,000 pounds of marijuana charged in Count I, it should then consider if they had committed the lesser included offense of conspiring to possess less than 1,000 pounds. The jury returned a verdict against Stearns on this lesser included offense. Following the verdict, Stearns moved for acquittal on Count I, contending that because the jury could not have found an agreement to possess less than 1,000 pounds, he had in effect been convicted of conspiring with himself. The district court agreed and granted the motion for acquittal.
 
 
 45
 The Government's appeal of Stearns's acquittal is properly brought pursuant to 18 U.S.C. Sec. 3731. United States v. Brandon, 633 F.2d 773, 778-79 (9th Cir.1980); United States v. Dreitzler, 577 F.2d 539, 544 (9th Cir.1978), cert. denied, 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473 (1979). The double jeopardy clause does not bar review because reversal of the district court's order would not subject Stearns to a second trial, but would merely require reinstatement of the jury's verdict. Brandon, 633 F.2d at 779; Dreitzler, 577 F.2d at 544; see United States v. Wilson, 420 U.S. 332, 352-53, 95 S.Ct. 1013, 1026-1027, 43 L.Ed.2d 232 (1975).
 
 
 46
 The district court expressed concern that the jury's verdict as to Stearns was inconsistent with the verdicts as to Wright and Puccinelli. However, the general rule is that inconsistent verdicts as to two or more defendants need not be set aside. Harris v. Rivera, 454 U.S. 339, 345, 102 S.Ct. 460, 464, 70 L.Ed.2d 530, 535-36 (1981) (per curiam); United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 135, 88 L.Ed. 48 (1943). We have recognized a narrow exception to the general rule: in a conspiracy case, acquittal of all but one of the alleged conspirators requires acquittal of the remaining defendant. United States v. Patterson, 678 F.2d 774, 781 (9th Cir.), cert. denied, 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982); Lubin v. United States, 313 F.2d 419, 423 (9th Cir.1963). The rationale for this "rule of consistency" is that the acquittal of all but one of the conspirators signifies that the jury found no agreement to act, and the remaining conspirator cannot have acted alone since "[c]onspiracy requires a plurality of actors...." Id.
 
 
 47
 We have held, however, that the rule applied in Lubin and Patterson does not compel acquittal in every instance. For example, in cases in which the indictment refers to unindicted or unknown persons as conspirators, acquittal is not required if the government shows by substantial evidence that the defendant conspired with those persons. Patterson, 678 F.2d at 781; United States v. Gardner, 475 F.2d 1273, 1277 (9th Cir.), cert. denied, 414 U.S. 835, 94 S.Ct. 178, 38 L.Ed.2d 70 (1973). The Government contends that it presented such evidence in this case. We disagree. The evidence adduced at trial makes occasional reference to Raymond Gosney and to other, unidentified persons. Those references are far too insubstantial, however, to establish that Stearns reached an agreement with any of those persons. The Government thus did not present sufficient evidence of an agreement with unknown persons to take this case outside the conspiracy exception.
 
 
 48
 Another instance in which we have refused to apply the rule of consistency is the case in which the jury does not make a finding that the other conspirators were innocent. Thus in United States v. Sangmeister, 685 F.2d 1124, 1127 (9th Cir.1982), we let stand the defendant's conspiracy conviction even though the jury had been unable to reach a verdict as to his coconspirator. We held the non-verdict was not equivalent to an acquittal and thus could not constitute a finding that no agreement had existed. We compared the failure to reach a verdict to a dismissal, a severance, or a nolle prosequi and observed that in each of those circumstances the single conspirator's conviction would be allowed to stand. Id., citing United States v. Coronado, 554 F.2d 166, 171 n. 7 (5th Cir.), cert. denied, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); United States v. Shipp, 359 F.2d 185, 189 (6th Cir.), cert. denied, 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966); United States v. Fox, 130 F.2d 56, 58 (3d Cir.), cert. denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942).
 
 
 49
 We believe the rule outlined in Sangmeister controls this case. The jury did not conclude that Stearns's coconspirators were innocent. Instead, it found Wright and Puccinelli had conspired and found them guilty on the same count as it did Stearns. It seems clear that the jury's decision to convict Stearns on the lesser included offense did not mean it found Stearns did not conspire with Wright and Puccinelli. Rather, it was the jury's response to Stearns's arguments that he was young, played a minor role in the conspiracy, and did not stand to profit from his participation. As such, the verdict was a legitimate exercise in jury lenity. See United States v. Harris, 701 F.2d 1095, 1103 (4th Cir.), cert. denied, --- U.S. ----, 103 S.Ct. 3554, 77 L.Ed.2d 1400 (1983). "Juries may indulge in precisely such motives or vagaries." Dotterweich, 320 U.S. at 279, 64 S.Ct. at 135. We therefore hold that the rule of consistency has no application here, and the jury's verdict will stand.
 
 IX
 CONCLUSION
 
 50
 The judgment of acquittal granted Stearns on Count I is REVERSED. Each of the remaining convictions is AFFIRMED. Stearns's case is REMANDED for sentencing on Count I.
 
 
 
 *
 The Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Puccinelli and Stearns were also indicted in a third count for use of a firearm in the commission of a felony. This count was dismissed as to Puccinelli, and the jury acquitted Stearns of the charge. This count is thus not involved in this appeal
 
 
 [2]
 The jury was instructed as follows:
 Now, in regard to the charges stated in Count II, the guilt of any defendant may be established without proof that he personally did every act constituting the offense charged. Under Federal law, whoever commits an offense against the United States or who aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal. Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable, likewise, as a principal.
 In other words, every person who willfully participates in the commission of a crime, may be found to be guilty of that offense. Participation, again, is willful if it's done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the intent to fail to do something the law requires. That is to say again, with bad purpose either to disobey or to disregard the law.
 Again, in regard to Count II, in order to aid and abet another to commit a crime, it is necessary that the accused willfully associate himself in some way with a criminal venture, and willfully participate in it as he would in something he wishes to bring about. That is to say, that he willfully seeks by some act or omission of his to make the criminal venture succeed. An act or omission is willfully done if done voluntarily and intentionally, and again, with specific intent to do something the law forbids. That is to say, with bad purpose either to disobey or disregard the law.
 You, of course, may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons and that the defendant participated in its commission.
 I remind you that mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.
 
 
 [3]
 Stearns's proposed instruction is not included in the record on appeal