**Olakunle ARIGBEDE**

v.

**UNITED STATES of America.**

**Civ. No. Y–89–1688.**
**Crim. No. Y–87–068.**

United States District Court,
D. Maryland.

March 15, 1990.

Olakunle Lanre Arigbede, pro se.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., Baltimore, Md., and Jack V. Geise, Asst. U.S. Atty., Baltimore, Md., for the U.S.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Petitioner *pro se*, Olakunle Lanre Arigbede, seeks to have his conviction of June 25, 1987 vacated pursuant to 28 U.S.C. § 2255, on grounds of: (1) violation of his Sixth Amendment right to effective assistance of counsel; (2) insufficient evidence to sustain the conviction; and (3) violation of due process as a result of improper charges as set forth in the Indictment. Petitioner's Motion and two "supplemental memoranda", together with the Government's "Answer" are presently before the Court.

I. *Factual and Procedural Background.*

On February 20, 1987, a grand jury for the District of Maryland returned a seven count Indictment charging Petitioner and co-defendants Adewale Johnson Aladekoba ("Aladekoba") and Olushegun Bamdele Odeseye ("Odeseye") with conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846, and aiding and abetting, 18 U.S.C. § 2, (Count 1); and with possession of heroin with intent to distribute, and distribution of heroin, 21 U.S.C. § 841, (Counts 2 through 7).

In the original Indictment, Petitioner was charged under the first five counts and Odeseye was charged under Counts 1, 6 and 7. Aladekoba was charged on all counts. On February 25, 1987, with leave

of Court, the government dismissed the charges against Odeseye. Thereafter, on March 6, 1987, a grand jury returned a "Superceding Indictment" charging both Petitioner and Aladekoba under each of seven counts identical to those contained in the original Indictment. The charges related to a series of transactions during January and February of 1987 through which the defendants sold a quantity of heroin to two undercover law enforcement officers at various locations in the District of Maryland.

Subsequent to arraignment, the Magistrate appointed private counsel to represent Petitioner during the criminal proceedings. On June, 8, 1987, the Court granted Petitioner's oral motion to retain substituted counsel of his choice and further granted a two week continuance of the trial date to give the retained counsel time to prepare his case.

On June 22, 1987, the defendants again appeared for trial. Petitioner again moved for a continuance on the ground that an "essential" defense witness, the secretary general of his organization, had his passport seized and was therefore unable to leave Nigeria and travel to the United States during the weekend as planned. Finding insufficient grounds for further delay, the Court denied a second continuance and the trial proceeded as scheduled.

According to testimony adduced at trial, the officers had arranged a heroin transaction with Aladekoba and, at a designated rendezvous site, they observed Aladekoba exchanging money for heroin with the Petitioner. The government's evidence also included a handwritten note from Petitioner to Aladekoba demanding repayment of "$6,000 on this batch and $3,000 on the previous batch." *United States v. Arigbede*, Case No. 87–5141 (4th Cir. July 28, 1988), at 2. [854 F.2d 1318 (table)]

Aladekoba agreed to a plea arrangement with the government whereby all but one of the charges against him were *"nol prossed"* in return for his testifying against Petitioner. Accordingly, at the trial Aladekoba testified that the four ounces of heroin that he possessed and distributed, as alleged in Counts 6 and 7 of the Superceding Indictment, had been obtained from Petitioner.

Petitioner, who is Nigerian, at all times claimed that he was director of an organization which provided financial assistance to foreign students,[1] and that the evidence of demand for repayment and the exchange of money pertained to two educational loans which the organization had provided to Aladekoba for educational purposes.

On June 23, after two days of deliberation, the jury returned a verdict convicting Petitioner on all seven counts of the Superceding Indictment. On September 10, 1987, with leave of Court, the government dismissed the original Indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. A pre-sentencing report was filed, and on August 24, 1987, the Court sentenced Petitioner to twelve (12) years mandatory imprisonment, together with a four (4) year period of supervised release and a $300 fine as to each of counts 1 through 7. The sentences were to run concurrently. The Judgment and Commitment Order further provided that if all the counts were affirmed on appeal, the sentences as to each count would be merged into the sentence imposed under Count 6. *See* Judgment and Probation/Commitment Order, filed August 24, 1987.

Petitioner filed an appeal in which he challenged the trial court's decision not to grant a second continuance and the decision to exclude from evidence a letter allegedly sent by the absent witness. On July 28, 1988, the Fourth Circuit Court of Appeals affirmed the conviction. *United States v. Arigbede*, Case No. 87–5141 (4th Cir. July 28, 1988). Petitioner's motion for rehearing *en banc* was denied on October 12, 1988, and subsequently, the Petitioner filed the instant motion.

---

1. Specifically, Petitioner claimed to be Executive Director for Overseas Operations of the Islamic Scientific Educational Research and Development Foundation for Africa, based in Lagos, Nigeria, and "committed to the scientific propagation of Islam in Africa and the world over." *See United States v. Arigbede*, Case No. 87–5141 (4th Cir. July 28, 1988), at 3.

## II. *Law and Analysis.*

 Section 2255 of Title 28 of the United States Code provides, in relevant part, that:

[a] prisoner ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (1948). While Congress passed § 2255 to simplify the procedure for making a collateral attack on a final judgment entered in federal criminal cases, "it did not purport to modify the basic distinction between direct review and collateral review." *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). Thus, the remedies available under § 2255 do not encompass all claimed errors in the conviction and sentencing. *Id.*

### A. Ineffective Assistance of Counsel.

Petitioner claims numerous substantive and procedural errors were committed prior to and during the trial in this case. Perhaps recognizing that most challenges based upon asserted errors of law are essentially "waived" if not raised on direct appeal,[2] Petitioner attempts to render such claims cognizable, for purposes of a § 2255 collateral attack, under a general claim of ineffective assistance of counsel.

A claim of ineffective assistance of counsel may be determined in the context of a § 2255 motion to vacate sentence, *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984)

("[t]he principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial."); *see e.g.*, *United States v. Hill*, 826 F.2d 507 (7th Cir. 1987); *United States v. Grandison*, 783 F.2d 1152 (4th Cir.) *cert. denied* 479 U.S. 845, 107 S.Ct. 160, 93 L.Ed.2d 99 (1986). A defendant alleging the ineffectiveness of retained counsel bears the burden of establishing that charge, by a preponderance of the evidence. *Marino v. United States*, 600 F.2d 462, 464 (5th Cir.1979).[3]

 However, the relief provided under 28 U.S.C. § 2255 does not give Petitioner the right to try his case again. *Murawski v. United States*, 179 F.2d 782 (4th Cir. 1950). Thus, in determining Petitioner's claim, the Court must carefully distinguish between mere mistakes of tactics or trial strategy and ineffective assistance in the Sixth Amendment sense. *See Marzullo v. Maryland*, 561 F.2d 540, 544 (4th Cir.1977), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978); *United States v. Nolan*, 571 F.2d 528 (10th Cir.1978).

The standard applicable to alleged violations of the Sixth Amendment right to effective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

104 S.Ct., at 2064. Justice O'Connor, writing for the Court in *Strickland* prescribed a 2–pronged test as the proper analysis to be applied in determining whether counsel's assistance was so defective as to require reversal of a conviction. First, "the

---

**2.** The Supreme Court has held that "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'" *Addonizio, supra,* 99 S.Ct. at 2240 (quoting, *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

**3.** The allegations of ineffective assistance are in reference to the Petitioner's retained counsel who was substituted for court appointed counsel upon motion granted on June 5, 1987. As mentioned *supra,* Petitioner was afforded a two week continuance to permit retained counsel additional time to prepare for trial.

defendant must show that counsel's representation fell below an objective standard of reasonableness." Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.*

A "reasonably competent attorney" is one whose representation was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). The showing required under this first prong must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland, supra,* 104 S.Ct. at 2065. What constitutes "reasonable" attorney performance, therefore, must be determined with reference to prevailing professional norms, and under the totality of the circumstances. *Id.*

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Id.*

With regard to the second prong of the *Strickland* analysis, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. A "reasonable probability" in this context is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

■ Petitioner contends that his counsel should have moved for dismissal based upon improper charges contained in the

Superseding Indictment, and that counsel's failure to do so indicates a lack of preparedness for trail. Petitioner asserts that Count 1 constitutes an improper charge because "conspiracy is never the completed act ... [and under Count 1] it was charged as a completed act." Petitioner's Motion to Vacate, at 14.

■ "Conspiracy" is defined as "[a] combination or confederacy between two or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act." *Black's Law Dictionary,* 5th ed., at 162; *see United States v. Norris,* 749 F.2d 1116 (4th Cir. 1984) *cert. denied* 471 U.S. 1065, 105 S.Ct. 2139, 85 L.Ed.2d 496 (1985). The Superseding Indictment in the instant case clearly alleges both the "combination or confederacy" element and the "unlawful purpose" element and, therefore, properly alleges a conspiracy. The fact that Count 1 also alleges that the co-defendants "did" commit the unlawful acts contemplated pursuant to the conspiracy is, at most, mere surplusage and does not render Count 1 an improper charge.[4] *O'Leary v. United States,* 856 F.2d 1142 (8th Cir.1988). Nor are the allegations of committed acts contained in Count 1 multiplicitous with regard to similar allegations contained in the other six counts. Count 1 charges defendant with a distinct offense of conspiracy and, at all times, it was treated by the Court and the jury as solely constituting a conspiracy charge.[5] Thus, viewed in its entirety, Count 1 is not multiplicitous, and the inclusion of language relating to completed acts could not have unfairly prejudiced Petitioner.[6] *See* Fed.R.Crim.P. 7(c)(3) (harmless error).

---

**4.** No prejudice results from the allegation of committed acts contained in Count 1 because those acts are alleged in the other six counts of the Superceding Indictment and their inclusion in Count 1 does not raise additional factual issues not otherwise before the jury.

**5.** The government correctly asserts that one who is convicted of a conspiracy charge can also be indicted for any other crimes that are carried out in furtherance of the charged conspiracy. Government's Answer to Motion to Vacate, at 4; *see Pinkerton v. United States,* 328

U.S. 640, 645, 66 S.Ct. 1180, 1183, 90 L.Ed. 1489 (1946); *United States v. Wechsler,* 392 F.2d 344, 347 (4th Cir.) *cert. denied,* 392 U.S. 932, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968). Accordingly, the allegations of completed acts contained in Count 1 may properly serve as notice that, for purposes of the proof required at trial, the overt acts alleged in the other counts were incorporated into the singular count of conspiracy.

**6.** Also, "because the aiding and abetting statute, 18 U.S.C. § 2, provides a means of establishing liability but does not itself define a crime," the

**620**

Petitioner asserts that the joinder of offenses as separate counts in the Superceding Indictment was done in "bad faith" and violated Rule 8 of the Federal Rules of Criminal Procedure in that such offenses were based on "different transactions". Accordingly, Petitioner contends that defense counsel was remiss in failing to move for a severance of the charges. This contention is without merit. Rule 8 merely requires that, for purposes of joinder in a single indictment, the alleged offenses must be:

> of the same or similar character *or* are based on the same act or transaction *or* on two or more transactions connected together *or* constituting parts of a common scheme or plan. [emphasis added]

Fed.R.Crim.P. 8(a). Petitioner was charged with conspiracy and with possession and distribution on three occasions within a three and a half week period during January and February of 1987. Clearly, these transactions are "of the same or similar character", or otherwise connected as part of a "common scheme or plan" to distribute heroin.

Petitioner further contends that due to lack of preparation, his counsel "could not even attempt to impeach" the testimony of co-defendant Aladekoba and move for dismissal of Count 6 and 7 on the basis of insufficiency of the evidence. Upon reviewing the trial transcript, the Court concludes that defense counsel's cross-examination of Aladekoba exhibited substantial preparation and was probative regarding the credibility of that witness. *See e.g.*, Transcript, at 75–100. Because credibility of a witness is a factual matter properly addressed to the jury, defense counsel violated no professional standard by electing not to move for a dismissal based upon insufficiency of the evidence.

Next, Petitioner asserts that his counsel erred in failing to challenge a "constructive amendment" of the Superceding Indictment. An improper amendment of an indictment may occur "when the court in-

structs the jury on a violation that is not charged in the indictment but that is consistent with the proof adduced at trial." *United States v. Wright*, 742 F.2d 1215, 1219 (9th Cir.1984). The Superceding Indictment in the instant case contained express allegations that Petitioner engaged in illegal drug transactions on three separate occasions. Petitioner was therefore afforded sufficient notice of the charges against him. *Id.* at 1219; *see Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). The jury found adequate evidence to convict him of those charges, but the jury was not instructed and Petitioner was not convicted for any offenses not charged in the indictment. Thus, defense counsel reasonably could have concluded that there were no grounds supporting an objection to the jury instructions based upon constructive amendment of the Superceding Indictment.

With regard to Petitioner's contention that defense counsel failed to request certain jury instructions, the Court finds that instructions regarding the co-defendant's guilty plea and the testimony of an accomplice were, in fact, given. An instruction regarding the inability of a government informer to conspire with another person would have been inappropriate under the circumstances of this case because the alleged conspiracy occurred well in advance of the time when Aladekoba "pled" and thereby agreed to cooperate with the government.

The Court further finds that Petitioner fails to support his broad allegations that defense counsel failed to adequately prepare for trial by researching the applicable law and conducting investigations. As stated *supra*, a review of the record discloses that defense counsel's performance at trial exhibited an adequate amount of research and preparation. Petitioner's assertion that counsel failed to object to "prejudicial" statements made by the prosecutor during closing arguments ignores the non-evidentiary nature of such closing

counts charging Petitioner with aiding and abetting and with possession with intent to distribute and distribution were not duplicitous. *Bau-*

*mann v. United States,* 692 F.2d 565, 571 (9th Cir.1982).

arguments. Clearly, counsel had no legal basis, and should not be expected, to object to the government presenting it's theory of the case to the jury. In any event, decisions concerning whether or not to raise objections in this context are matters of trial tactics and strategy, and not governed by the Sixth Amendment.

■ Petitioner additionally contends that counsel failed to "perfect appeal" by failing to proffer a letter allegedly written by the secretary-general of his organization after the Court had ruled such evidence inadmissible. The Court finds that Petitioner was not prejudiced by defense counsel's omission because it is clear that the Court of Appeals found adequate evidence in the trial record to review the question of admissibility of the letter and ruled that this Court "would properly have refused [to admit the letter] because the requirements of Fed.R.Evid. 804(b)(5) (hearsay exception) were not met." *United States v. Arigbede*, Case No. 87–5141 (4th Cir. July 28, 1988), at 9.

Finally, Petitioner contends that counsel was ineffective at sentencing for not offering any "mitigating evidence" on behalf of the defendant. Petitioner's Motion to Vacate, at 37. Petitioner further contends that counsel erred by refusing to file a Rule 35 motion for reduction of sentence. Petitioner asserts that after repeated requests to counsel to file the motion,

> [i]t then dawned on defendant, however too late that the reason why counsel was avoiding any and all discussion of defendant's request for a 'Rule 35' was because, counsel was unaware of what a 'Rule 35' really is.

Petitioner's Motion to Vacate, at 43.

■ The Petitioner provides no support for these broad allegations to overcome the "strong presumption" that counsel's conduct falls within "a wide range of reasonable professional assistance". *Strickland, supra*, 104 S.Ct., at 2065.[7]

For the foregoing reasons, the Court concludes that Petitioner has failed to make an adequate showing under either the "deficient performance" or "actual prejudice" prongs of the *Strickland* analysis. Petitioner's challenge based upon ineffective assistance of counsel will be denied.

**B. Sufficiency of the Evidence.**

Petitioner raises additional grounds challenging the sufficiency of the evidence supporting his conviction. Although evidentiary challenges are properly raised on direct appeal rather than through collateral attack, Petitioner asserts the ineffectiveness of defense counsel as "good cause" justifying his failure to raise these issues on appeal. *But see United States v. Causey*, 835 F.2d 1289 (9th Cir.1987).

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that an applicant is entitled to *habeas corpus* relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 99 S.Ct., at 2791–2792. In applying this standard, the relevant question:

> is not whether the [Court] is convinced beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, *any* rational trier of facts could have found the defendant guilty beyond a reasonable doubt.

*United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir.1982).

■ Petitioner contends that he could not have been convicted of conspiracy where the sole co-defendant was dismissed from prosecution as to the conspiracy charge. This contention is a misapplication of the rule set forth in *Lubin v. United States*, 313 F.2d 419, 422–23 (9th Cir.1963) where the court held that "an acquittal of one of two conspirators is an acquittal of the other" *Id.* In the instant case, the co-conspirator, Aladekoba, was not "acquit-

---

7. With regard to Petitioner's claim that defense counsel was "unprofessional" in declining to file for *en banc* review in the Court of Appeals, the Court concludes that Petitioner could not have

been prejudiced by such an omission, because Petitioner himself filed an *en banc* petition and that petition was denied by the Fourth Circuit. *cf. Strickland, supra*, 104 S.Ct., at 2069.

ted". Rather he agreed to the terms of a plea arrangement with the government.

 As additional challenges to the sufficiency of the evidence, Petitioner claims that his "brief association with co-defendant is insufficient to sustain a conspiracy charge", and "inferences of [possession and distribution] are not supported by any competent proof, since no one saw defendant hand anything to co-defendant." Petitioner's Motion to Vacate, at 47–48. The Fourth Circuit has held that in determining when a conviction is supported by sufficient evidence, the court must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d, at 1021.

Upon reviewing the record, the Court concludes that a rational jury could have found proof beyond a reasonable doubt supporting Petitioner's convictions as to all seven counts.

### C. Inadequate Instructions Regarding Amendment of the Indictment.

The final ground for relief asserted by Petitioner raises arguments which are substantially identical to several of those relied upon in his ineffective assistance claims. The Court will not repeat its analysis, but merely states that as a matter of law, the Superceding Indictment was validly returned by a grand jury in compliance with the relevant provisions of the Federal Rules of Criminal Procedure. Furthermore, the evidence presented at trial and the jury instructions clearly did not exceed the scope of the factual allegations contained in the Superceding Indictment. The remaining arguments under this final ground for relief are merely repetitive of Petitioner's challenge based upon insufficiency of the evidence which has also been fully discussed *supra*.

### III. *Motion to Disqualify*.

 Petitioner has separately filed a Motion to Disqualify the trial Judge pursuant to 28 U.S.C. § 455(a) and (b)(1). These subsections of the Code provide that:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

*See In re Beard*, 811 F.2d 818, 827 n. 15 (4th Cir.1987) (28 U.S.C. § 455 is self-executing, requiring a judge to disqualify himself under certain circumstances).

Petitioner asserts that bias is evidenced by the trial Judge's "restrict[ing] the mobility of [defense] counsel in the courtroom"; by the Judge's ruling on the relevance of certain circumstantial evidence; and by correspondence requesting that the prosecutor file a response to Petitioner's Rule 35 motion at his "earliest convenience".

For purposes of disqualification under § 455(b)(1), bias or prejudice must stem from an extrajudicial source. *Shaw v. Martin*, 733 F.2d 304 (4th Cir), *cert. denied*, 469 U.S. 873, 105 S.Ct. 230, 83 L.Ed.2d 159 (1984). Petitioner's allegations of bias are based solely on statements and rulings of the Court pertaining to the orderly conduct of the proceedings at trial. No extrajudicial source of bias has been alleged. Nor has petitioner presented any evidence supporting a reasonable basis for questioning the trial Judge's impartiality. Petitioner's Motion to Disqualify will be denied.

### IV. *Conclusion*.

Based upon the foregoing analysis, the Court concludes that Petitioner has failed to show, by any credible evidence, that the assistance of his retained defense counsel was ineffective, thereby depriving Petitioner of the "counsel" guaranteed him under the Sixth Amendment to the Constitution. In addition, upon reviewing the trial record, the Court concludes that sufficient evidence was presented at trial for a rational jury to find proof of guilt beyond a reason-

able doubt as to each of the seven counts of the Superceding Indictment. The Court further concludes that Petitioner was convicted on the basis of a valid indictment returned by a grand jury and conforming to the Rules of Criminal Procedure. Finally, the Court concludes that Petitioner has failed to allege or present evidence such as would require, or justify, recusal of the presiding judge.

### ORDER

In accordance with the attached Memorandum, it is this 15th day of March, 1990, by the United States District Court for the District of Maryland ORDERED:

1. That Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 BE, and the same IS hereby DENIED;

2. That Petitioner's Motion to Disqualify Judge under 28 U.S.C. § 455(a) and (b)(1) BE, and the same IS hereby DENIED; and

2. That a copy of this Memorandum and Order be mailed to Petitioner and to the United States Attorney.

See also, 725 F.Supp. 278.