996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Forrest "Junior" BUSBY, a/k/a Forrest Wiles Busby, Jr.,
Defendant-Appellant.
 No. 92-10514.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, AND T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Busby appeals his conviction and sentence for conspiracy to manufacture marijuana, manufacturing marijuana and aiding and abetting the manufacture of marijuana in violation of 21 U.S.C. § 846 and 841(a)(1) and 18 U.S.C. § 2. We affirm.
 
 
 3
 Busby's court-appointed counsel filed a brief on appellant's behalf pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, an appellate defense attorney who concludes, after a conscientious review of the record, that the appeal is wholly without merit must so advise the court and request permission to withdraw. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. at 744.
 
 
 4
 Defense counsel followed these steps and identifies two potential issues. First, whether the district court erred in denying a motion to suppress Busby's statement to a police officer because it was elicited in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Busby admitted to police that eyeglasses found at a camp site near the marijuana garden were his, but later, after receiving Miranda warnings, changed his story. The court did not err in allowing the police officer to testify about the original statement. Busby waived this issue because he did not make a pretrial motion to suppress under Fed.R.Crim.P. 12(b)(3). Also, the court did not abuse its discretion in ruling that Busby opened the door to this subject by cross-examining the police officer about the statements.
 
 
 5
 The second issue is whether the court erred in responding to a jury question about the conspiracy charged in Count 1. The indictment alleged a conspiracy between Busby and Ford and persons unknown. The jurors indicated confusion whether they had to find Busby conspired with both the unknown persons and Ford. The court responded that to convict, the jury had to find that Busby conspired with some other person, either Ford or persons unknown or both. It did not err. Where an indictment refers to unknown persons, the government may sustain a conspiracy conviction by showing substantial evidence that the defendant conspired with those persons. See United States v. Wright, 742 F.2d 1215, 1224 (9th Cir.1984).
 
 
 6
 Although Busby was advised by an order of this court of his right to submit his own pro se supplemental opening brief, he has not done so. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 82-83 (1988), reveals that this appeal is meritless.
 
 
 7
 We grant counsel's motion to withdraw and affirm Busby's conviction and sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3