**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Claret ECHEVERRY,**
**Defendant-Appellant.**

**No. 81–1630.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1982.

Decided Jan. 31, 1983.

Order Oct. 4, 1983.

Daniel H. Smith, Seattle, Wash., for defendant-appellant.

David Marshal, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, Chief Judge, TUTTLE * and REINHARDT, Circuit Judges.

The opinion, 698 F.2d 375, is modified by adding the following paragraphs:

The trial judge did give to the jury a single general instruction that their verdict had to be unanimous. This court has held that in a routine case when a jury is presented with multiple counts or schemes, it may be possible to protect the defendant's right to an unanimous jury verdict by such a general instruction. *See United States v. Ferris,* 719 F.2d 1405 (9th Cir.

---

* Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1983) (a general unanimity instruction suffices when a case involving multiple acts within one count of an indictment is sufficiently clear in its presentation so that unanimity can be presumed); *United States v. Friedman*, 445 F.2d 1076 (9th Cir.1971) (the jury must be presumed to have followed the unanimity instruction and all agreed to at least one of several possible conspiracies even though no specific instruction was given to that effect); *Vitello v. United States*, 425 F.2d 416 (9th Cir.1970). *See also United States v. Natelli*, 527 F.2d 311 (2d Cir. 1975).

 When it appears, however, that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice. To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure the jury understands its duty to unanimously agree to a particular set of facts. Such circumstances are certainly present in this case. The jury's written questions indicated their confusion concerning multiple conspiracies and should have alerted the trial judge to the potential for a nonunanimous verdict. *See United States v. Mastelotto*, 717 F.2d 1238 (9th Cir.1983) (variance between the proof at trial and the indictment in a case involving multiple schemes to defraud presents such a potential for juror confusion that special unanimity instructions are required).

The Petition for rehearing is denied.