968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis J. OGLE, Defendant-Appellant.
 No. 91-30407.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis J. Ogle appeals his convictions following a jury trial for four counts of tax evasion, in violation of 26 U.S.C. § 7201. Ogle contends that the district court erred by failing to give the jury a specific unanimity instruction, and that his convictions were not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Specific Unanimity Instruction
 
 
 4
 Because Ogle failed to request a specific unanimity instruction or object to the district court's instruction, we review for plain error. United States v. Castro, 887 F.2d 988, 992 (9th Cir.1989). "Plain error is highly prejudicial error affecting substantial rights." Id. at 993.
 
 
 5
 A specific unanimity instruction as to the particular objects of an offense is required "where it appears that a conviction might rest upon different jurors having found the existence of different facts ... where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion." United States v. Feldman, 853 F.2d 648, 653 (9th Cir.1988) (citation omitted), cert. denied, 489 U.S. 1030 (1989); see, e.g., Castro, 887 F.2d at 993 (unanimity instruction unnecessary because case not complex); United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.) (specific instruction required if indictment sufficiently broad and ambiguous to create jury confusion), cert. denied, 493 U.S. 969 (1989); United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983) (jury submitted note to district court expressing confusion).
 
 
 6
 Here, Ogle argues that a specific unanimity instruction was necessary because for each count of tax evasion, the indictment alleged more than one affirmative act suggesting Ogle's actions were willful and intentional.[1] Ogle claims that, absent the specific unanimity instruction, each juror may have based her or his conclusion on an act different from another juror.
 
 
 7
 Nevertheless, Ogle failed to present any evidence to suggest that different jurors may have based their conclusions on different factual circumstances. See Anguiano, 873 F.2d at 1319 (finding of plain error not supported by speculative conclusions). The evidence presented during the trial was not complex, and the jury did not request any additional guidance from the district court during deliberations. See Castro, 887 F.2d at 993. The superseding indictment was sufficiently clear, and there was no discrepancy between it and the evidence. See Anguiano, 873 F.2d at 1320-21. Therefore, it was not plain error for the district court to fail to give a specific unanimity instruction. See id.
 
 II
 Sufficiency of the Evidence
 
 8
 Sufficient evidence to support a conviction exists if, "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (citation omitted), cert. denied, 493 U.S. 863 (1989); Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 To establish that tax evasion has occurred, the government must prove (1) the existence of a tax deficiency; (2) willfulness, and (3) an affirmative act constituting an evasion or an attempted evasion. Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Marabelles, 724 F.2d 1374, 1377 (9th Cir.1984).
 
 
 10
 Ogle argues that the evidence is not sufficient to show that he acted willfully when he failed to file his 1987 tax return (Count Four). He claims that, at the time the government was investigating his tax liability, Ogle believed he had a fifth amendment right not to submit tax returns that might be self-incriminating. Nevertheless, the government presented evidence showing that Ogle earned substantial amounts of gross income in 1987, conducted his transactions in cash, kept no business records, and utilized a nominee to conceal income. See United States v. Hom Ming Dong, 436 F.2d 1237, 1240 (9th Cir.1971) (absence of business records suggests willful conduct).
 
 
 11
 Based on this evidence, the jury could have concluded beyond a reasonable doubt that Ogle willfully acted to evade his 1987 tax liabilities. See Marabelles, 724 F.2d at 1378.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, Count Two alleged, in part, that Ogle acted willfully by dealing in large cash transactions, making false statements to investigators, and structuring business transactions in such a way as to avoid detection