2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Robert SHANAHAN, Defendant-Appellant.
 No. 92-10453.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided July 8, 1993.
 
 Before FAIRCHILD,* BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Shanahan was charged with possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) [Count I]; possession of firearms by an unlawful user of narcotics, in violation of 18 U.S.C. Sec. 922(g)(3) [Count II]; and using and carrying a firearm during and in relation to a narcotics trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1) [Count III].
 
 
 3
 Shanahan unsuccessfully moved to suppress over seventy grams of methamphetamine, drug paraphernalia, and nineteen firearms that were seized from his residence pursuant to a search warrant. At trial, he stipulated that he was the sole possessor of the narcotics and firearms found in his home and that he was a user and distributor of narcotics. Thus, Shanahan's guilt on Count III was the only factual dispute before the jury. The jury convicted him of each count. The district court imposed a ten-year sentence: sixty months for Count I and a sixty month mandatory consecutive sentence for Count III. The district court also imposed a concurrent forty-one month sentence for Count II.
 
 
 4
 Shanahan appeals both the district court's denial of his motion to suppress and his conviction for Count III. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 A.
 
 5
 We review the magistrate's issuance of a search warrant for clear error. United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991). We must determine whether the magistrate had a "substantial basis" for concluding that the affidavit in support of the warrant established probable cause. United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991) (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)).
 
 
 6
 The application for a search warrant was supported by the lengthy affidavit of Agent Heald. The affidavit demonstrated that a large continuing organization purchased and distributed chemicals to manufacture ephedrine. The affidavit also adduced facts connecting Shanahan to the organization.
 
 
 7
 The affidavit stated that Lynda Schnur, one of the leading members of the organization, delivered a box of ephedrine to Shanahan's residence at 1680 Clover Court in Santa Rosa. Twenty minutes later, two men picked up the box. The affidavit also stated that Lynda Schnur left two messages on Shanahan's phone that the agents intercepted. In the first, Schnur stated "that the $20,000 had been stolen from her safe." Agent Heald opined that this message was made to stop any ephedrine transaction arranged between Shanahan and Schnur. In the second phone message, Schnur told Shanahan that she had a present for his fifty-five year old grandmother, that "the stuff was perishable," and that it was "urgent" that he respond by six o'clock. Agent Heald opined that this message meant that Schnur had the opportunity to acquire fifty-five kilograms of ephedrine and that she wanted to know whether Shanahan wanted to purchase that amount. Based on this evidence, it was Agent Heald's expert opinion that Shanahan and the other members of the organization would have both records and controlled substances in their possession. We hold this provided the magistrate a substantial basis for concluding that the affidavit established probable cause. See Brown, 951 F.2d at 1002.
 
 
 8
 Moreover, even if the warrant was not supported by probable cause, we agree with the district court that the "good faith" exception announced in United States v. Leon, 468 U.S. 897, 920-23 (1984), applies. Shanahan fails to allege that the warrant was facially deficient or that the magistrate disregarded her judicial role. Moreover, his assertion that Agent Heald tried to mislead the magistrate is unpersuasive. Therefore, we cannot conclude that a reasonable officer "would have known that the search was illegal despite the magistrate's authorization." See Brown, 951 F.2d at 1004 (citing Leon, 468 U.S. at 922 n. 23).
 
 
 9
 Accordingly, we affirm Shanahan's convictions for Counts I and II.
 
 B.
 
 10
 Shanahan claims that there was insufficient evidence to establish that he used any of his firearms "during and in relation to" his distribution of methamphetamine. The standard of review for insufficiency of the evidence is whether, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 11
 In order to convict a defendant for a violation of Sec. 924(c)(1), the government must prove beyond a reasonable doubt that the defendant: 1) knowingly used or carried a firearm, 2) during and in relation to a drug trafficking crime. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992). Shanahan's reliance on United States v. Feliz-Cordero, 859 F.2d 250 (2d Cir.1988), and other cases from other circuits is misplaced because they are inconsistent with the law of this circuit. See Martinez, 967 F.2d at 1347; United States v. Torres-Medina, 935 F.2d 1047, 1049-50 (9th Cir.1991). Both the government and Shanahan's counsel failed to cite the controlling Ninth Circuit precedent in this case: Martinez, Torres-Medina, and United States v. Stewart, 779 F.2d 538 (9th Cir.1985). We admonish both to be more careful in the future.
 
 
 12
 Applying the first prong of the Martinez test, the evidence was sufficient to prove Shanahan knowingly used or carried a firearm. We have held this provision does not require literal "use," and may apply even when the weapon is not displayed or brandished. Torres-Medina, 935 F.2d at 1049. Moreover, the firearm need not be within the defendant's reach during the crime or subsequent arrest. Id. at 1049-50. Although a firearm must be available, it need not be readily available. Id. In Torres-Medina, we held that the defendant had possession of a weapon, and could not possibly have reached the gun, which was hidden in the crawl space beneath his house with his stash of narcotics. Id. We have also suggested that a defendant controlled or possessed a weapon that was stored in the trunk of the vehicle in which he was arrested. Stewart, 779 F.2d at 539-40. Accordingly, we conclude that Shanahan's placement of the firearms in the same locked chest as his methamphetamine stash constitutes "use" under Sec. 921(c).
 
 
 13
 Applying the second prong of the test, the evidence was also sufficient to connect the presence of the firearms to the commission of the underlying crime of drug trafficking. The close proximity of the firearms to the drugs strongly suggests that they were "related" to Shanahan's narcotics operation. See Torres-Medina, 935 F.2d at 1049. In this case, all nineteen firearms were found in a locked steel cabinet, along with seventy grams of methamphetamine, a cutting agent, $1,580 in twenty-dollar bills, plastic bags, a saw, a spoon, and a funnel. Five of the nineteen firearms were loaded: four handguns and one rifle. Moreover, this court has stated that a weapon is used in relation to an offense if "the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred." Stewart, 779 F.2d at 540 (emphasis added). The jury could have rationally determined that all nineteen firearms found next to Shanahan's methamphetamine and cash stash could have been used to protect Shanahan or intimidate others, and thus, emboldened him in the commission of narcotics transactions. Accordingly, we affirm the district court's application of Sec. 924(c).
 
 C.
 
 14
 Shanahan also claims that district court erred by failing to instruct the jury that it had to agree unanimously which firearm Shanahan used or carried in Count III. Because he did not request a specific unanimity instruction and failed to object to the court's instructions as given, our review is for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991); United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986).
 
 
 15
 A general unanimity instruction will normally suffice to instruct the jury that they must be unanimous as to the elements that form the basis of a conviction. Payseno, 782 F.2d at 835. The exception to the general rule involves situations in which "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983). Juror confusion is often a genuine possibility when the nature of the evidence is complex, when there is a discrepancy between the evidence and the indictment, or when some other particular factor creates such a possibility of confusion. United States v. Frazin, 780 F.2d 1461, 1468 (9th Cir.), cert. denied, 479 U.S. 844 (1986).
 
 
 16
 In this case, juror confusion was unlikely. All the firearms were in the same place as the methamphetamine--locked inside a steel cabinet in Shanahan's closet. Accordingly, each firearm supports Shanahan's conviction under Sec. 924(c) because each firearm, whether loaded, unloaded, or inoperable, facilitated Shanahan's distribution of methamphetamine by emboldening him to act. See Torres-Medina, 935 F.2d at 1050; Stewart, 779 F.2d at 540. Therefore, we cannot conclude that the district court plainly erred in failing sua sponte to give the jury a special unanimity instruction. Accordingly, we affirm Shanahan's conviction for Count III.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3