**Clark SULLIVAN, Petitioner–Appellant,**

v.

**R.G. BORG, Warden, Respondent–Appellee.**

**No. 91–16825.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1993 *.

Decided Aug. 5, 1993.

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4.

Louis Marinus Wijsen, Deputy State Public Defender, San Francisco, CA, for petitioner-appellant.

No appearance for the respondent-appellee.

Before: POOLE, BOOCHEVER, and FERNANDEZ, Circuit Judges.

BOOCHEVER, Circuit Judge:

Clark Sullivan was prosecuted in a California court for first-degree murder based on theories of both premeditated murder and

---

felony murder. The trial judge instructed the jury that it could find Sullivan guilty of first-degree murder without jury unanimity as to which theory had been proved.[1] Sullivan was convicted of first-degree murder and ten other counts, and sentenced to 49 years to life imprisonment.

After exhausting his state remedies, Sullivan petitioned for a writ of habeas corpus, alleging that the instruction allowing the jury to convict him of first-degree murder without unanimity as to whether he had committed felony murder or premeditated murder violated his rights to due process and equal protection under the United States Constitution. The district court denied Sullivan's petition, finding that his argument was precluded by *Schad v. Arizona,* — U.S. —, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). This timely appeal followed. We review de novo the district court's denial of a petition for habeas corpus. *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991). We agree that *Schad* is dispositive of Sullivan's claim and therefore affirm the district court.

**A**

In *Schad,* the Supreme Court held that it was constitutional for the State of Arizona to require only a general verdict for first-degree murder based on either premeditation or felony murder without jury unanimity as to which theory applied. *Id.* — U.S. at —, 111 S.Ct. at 2504. A plurality of the Court reasoned that, under Arizona law, neither premeditation nor the commission of a felony is an independent element of first-degree murder; rather, they are merely alternative means of satisfying the *mens rea* element of that offense. *Id.* — U.S. at —, 111 S.Ct. at 2501. While recognizing that the Due Process Clause places some limits on a legislature's ability to prescribe alternative means of committing a single crime, *id.* — U.S. at — — —, 111 S.Ct.

---

1. The jury instruction stated:
   You have been instructed on two theories of murder in the first degree; willful, deliberate and premeditated murder and, second, murder committed during the perpetration of an inherently dangerous felony. It is not necessary that all twelve jurors agree on which theory of murder of the first degree was committed.

   In other words, in order to convict the defendant of murder in the first degree all twelve jurors must agree that one of the two theories of murder in the first degree occurred, but you need not agree unanimously on which of the two theories occurred.

at 2497–98, the plurality regarded the alternative theories of first-degree murder as "an immaterial difference as to mere means" rather than "a material difference requiring separate theories of crime to be treated as separate offenses subject to separate jury findings," *id.* —— U.S. at ——, 111 S.Ct. at 2498. In support of its holding, the plurality cited the historical and current prevalence of the general first-degree murder verdict, noting that such verdicts had long been accepted in, among other states, California. *Id.* —— U.S. at —— ——, 111 S.Ct. at 2501–02 (citing *People v. Milan,* 9 Cal.3d 185, 107 Cal.Rptr. 68, 507 P.2d 956 (1973)).

### B

Sullivan first tries to distinguish *Schad* by pointing out that, unlike Arizona's statutory scheme, California codifies premeditated and felony murder in separate statutes. *See* Cal.Penal Code §§ 187, 189 (West 1988). He therefore argues that in California there must be jury unanimity as to which theory underlies a first-degree murder conviction. We find this distinction unpersuasive. While Cal.Penal Code § 187 defines murder as "the unlawful killing of a human being … with malice aforethought," section 189 is almost identical to Arizona's statute in encompassing felony murder and premeditated murder as alternative grounds for establishing first-degree murder.[2] Moreover, both states' statutes include malice as an element of premeditated murder. The Supreme Court in *Schad* held that a general first-degree murder verdict under these circumstances is permissible.

Contrary to Sullivan's assertion, *People v. Dillon,* 34 Cal.3d 441, 194 Cal.Rptr. 390, 668 P.2d 697 (1983) (en banc), does not change this result. In *Dillon,* the California Supreme Court held that Cal.Penal Code § 189 is not merely a degree-fixing statute but a legislative codification of the common-law felony-murder rule, and that the rule is therefore not subject to judicial abrogation. *Id.* 194 Cal.Rptr. at 401–09, 668 P.2d at 708–15. The court further rejected the claim that the felony-murder rule violates due process by imposing a presumption of malice, reasoning that this "presumption" is not a burden-shifting device but rather a substantive rule that malice is not an element of felony murder. *Id.* 194 Cal.Rptr. at 408–11, 668 P.2d at 715–18. The California Supreme Court's handling of the discrete questions presented in *Dillon* does not affect the applicability of *Schad.*

It is true that the *Dillon* court noted that in California premeditated murder and felony murder "are not the 'same' crimes." *Id.* 194 Cal.Rptr. at 411 n. 23, 668 P.2d at 718 n. 23. Sullivan's argument that this language precludes the use of a general first-degree murder verdict, however, contradicts California's interpretation of its own statutory scheme. General first-degree murder verdicts were an accepted part of California criminal law long before *Dillon* and continue to be upheld by that state's courts today. *See People v. Guerra,* 40 Cal.3d 377, 220 Cal.Rptr. 374, 378–79, 708 P.2d 1252, 1257 (1985); *People v. Chavez,* 37 Cal.2d 656, 234 P.2d 632, 641–42 (1951) (en banc). In *Guerra,* decided two years after *Dillon,* the court reiterated that " 'in a prosecution for first degree murder it is not necessary that all jurors agree on one or more of several theories proposed by the

---

**2.** The Arizona statute at issue in *Schad* provided:

> A murder which is perpetrated by means of poison or lying in wait, torture or by any other kind of wilful, deliberate or premeditated killing, or which is committed in avoiding or preventing lawful arrest or effecting an escape from legal custody, or in the perpetration of, or attempt to perpetrate, arson, rape in the first degree, robbery, burglary, kidnapping, or mayhem, or sexual molestation of a child under the age of thirteen years, is murder of the first degree. All other kinds of murder are of the second degree.

Ariz.Rev.Stat.Ann. § 13–452 (Supp.1973). At the time of Sullivan's offense, the California statute provided in relevant part:

> All murder which is perpetrated by means of a destructive device or explosive, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, mayhem, or any act punishable under Section 288, is murder of the first degree; and all other kinds of murders are of the second degree.

Cal.Penal Code § 189 (West 1988).

prosecution; it is sufficient that each juror is convinced beyond a reasonable doubt that the defendant is guilty of first degree murder as that offense is defined by the statute'" (quoting *People v. Milan,* 9 Cal.3d 185, 107 Cal.Rptr. 68, 74, 507 P.2d 956, 962 (1973)). Although Sullivan argues that *Guerra* is not controlling because it did not consider the analysis of *Dillon,* the same Justice authored both opinions and we must presume that the court was aware of *Dillon* when it decided *Guerra.* Thus California continues to characterize first-degree murder as "a single crime as to which a verdict need not be limited to any one statutory alternative." *Schad,* —— U.S. at ——, 111 S.Ct. at 2496.

> [W]e are not free to substitute our own ·interpretations of state statutes for those of a State's courts. If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law.... [B]y determining that a general verdict as to first-degree murder is permissible under [California] law, the [California] Supreme Court has effectively decided that, under state law, premeditation and the commission of a felony are not independent elements of the crime, but rather are mere means of satisfying a single *mens rea* element.

*Id.* —— U.S. at —— – ——, 111 S.Ct. at 2499–500.

### C

Sullivan points out another alleged distinction between the Arizona and California general first-degree murder verdicts. Under California law, he argues, convictions of both felony murder and the underlying felony result in a mandatory stay of the sentence on one of the offenses under Cal.Penal Code § 654. *See People v. Conrad,* 31 Cal.App.3d 308, 107 Cal.Rptr. 421, 439 (1973); *People v. Magee,* 217 Cal.App.2d 443, 31 Cal.Rptr. 658,

675–77 (1963), *cert. denied,* 376 U.S. 925, 84 S.Ct. 688, 11 L.Ed.2d 620 (1964).[3] In this case, Sullivan received consecutive sentences for first-degree murder and robbery, the only felony potentially underlying a conviction for felony murder. He alleges that the general verdict improperly allowed the trial court to impose a consecutive sentence for the underlying felony although he was not convicted of premeditated murder.

We question whether California law carries disparate sentencing implications for the two theories of first-degree murder. Penal Code § 654 applies not only to felony murder, but to all cases involving "multiple punishments for a single act or indivisible course of conduct." *People v. Miller,* 18 Cal.3d 873, 135 Cal.Rptr. 654, 662, 558 P.2d 552, 560 (1977). Thus, if Sullivan's sentence would have been illegal had he been convicted of felony murder, it apparently would also have been illegal had he been convicted of premeditated murder. *See People v. Mulqueen,* 9 Cal. App.3d 532, 88 Cal.Rptr. 235, 245 (1970) (where defendant's general first-degree murder conviction was supported under theories of both felony murder and premeditated murder, concurrent sentences for first-degree murder and underlying felony violated § 654).

We need not resolve this question of California law, however, because Sullivan did not raise this argument as a challenge to the constitutionality of the general first-degree murder verdict in his petition for habeas corpus. *See United States v. Childs,* 944 F.2d 491, 495 (9th Cir.1991) (issue not presented to trial court will not be considered on appeal). Insofar as Sullivan's brief may be read as challenging the legality of the sentence itself, we also decline to address this argument because it was not raised prior to this appeal.

**AFFIRMED.**

---

**3.** Although Cal.Penal Code § 654 has a similar counterpart in Ariz.Rev.Stat.Ann. § 13–116, which bars consecutive sentences for multiple offenses based on the same act or omission,

Arizona courts have held that consecutive sentences may be imposed for felony murder and the underlying felony. *See State v. Gerlaugh,* 134 Ariz. 164, 654 P.2d 800, 806 (1982) (en banc).