108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David P. GNIRKE, Defendant-Appellant.
 No. 96-50112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 13, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David P. Gnirke appeals his jury conviction for violations of 18 U.S.C. § 2241(c) (aggravated sexual abuse) and 18 U.S.C. § 13, which incorporates California Penal Code § 273d (willful infliction of cruel and inhuman punishment on a child). Gnirke claims that the evidence was insufficient to support the jury's verdict. Gnirke also asserts that the trial judge committed reversible error when he declined to provide a unanimity instruction or a special verdict form to the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 SUFFICIENCY OF THE EVIDENCE
 
 4
 To decide whether evidence is sufficient to support a conviction, we must determine whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). We conclude that there was sufficient evidence for the jury to find Gnirke guilty of both crimes beyond a reasonable doubt.
 
 
 5
 Gnirke alleges that the government's witnesses "hopelessly contradicted one another" and "conceded every major medical and scientific point asserted by the defense." These alleged contradictions and concessions were presented to the jury, and evaluation thereof is within the jury's province. This court "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)); see also United States v. Mundi, 892 F.2d 817, 821 (9th Cir.1989) ("[T]he critical inquiry here is not whether the evidence was conflicting, but whether the government offered evidence from which a rational jury could conclude beyond a reasonable doubt that [the defendant] [ ] commit[ted] the [crime]."), cert. denied, 498 U.S. 1119 (1991). Respect for this province demands that where a jury could have found the essential elements of the crime beyond a reasonable doubt, we must assume that it did so.
 
 
 6
 Gnirke does not present any reason for us to conclude that no rational juror could have found him guilty beyond a reasonable doubt. Nor could he: The government's witnesses did not "hopelessly contradict one another;" rather, they all agreed that the totality of Jace Hoskins' injuries was inconsistent with the explanation offered by Gnirke. Furthermore, the government introduced evidence that (1) Jace Hoskins was not injured when Rufina Hoskins changed his diaper at 8:30 p.m., and (2) No other adult had access to Jace Hoskins between the time that Rufina Hoskins left for work at 11:30 p.m. and the time that she returned from work at 2:45 a.m. Thus, the totality of the evidence, when viewed in a light most favorable to the government, provided the jury with sufficient evidence to find Gnirke guilty of aggravated sexual abuse and corporal punishment of a child beyond a reasonable doubt.
 
 THE UNANIMITY INSTRUCTION
 
 7
 Gnirke asserts that the possibility of juror confusion regarding the means by which he allegedly committed the crime of aggravated sexual abuse warranted a specific unanimity instruction. Because this sixth amendment claim is factual in nature, we review the trial court's decision not to provide such an instruction for an abuse of discretion. See United States v. Duran, 59 F.3d 938, 941 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995); United States v. Sarno, 73 F.3d 1470, 1485 (9th Cir.1995), cert. denied, 116 S.Ct. 2254-55 (1996).[1]
 
 
 8
 "Normally, a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." United States v. Payseno, 782 F.2d 832, 835 (9th Cir.1986). However, where it appears that "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts," a unanimity instruction may be required. United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983).
 
 
 9
 This court has identified three situations in which there is a "genuine possibility of jury confusion": (1) where the jury actually indicates that it is confused; (2) where "the indictment is sufficiently broad and ambiguous so as to present a danger of jury confusion"; and (3) where "the evidence is sufficiently factually complex to indicate that jury confusion may occur." United States v. Anguiano, 873 F.2d 1314, 1319-20 (9th Cir.), cert. denied, 493 U.S. 969 (1989). Gnirke's case does not raise any of these possibilities. Thus, the district court did not abuse its discretion when it concluded that Gnirke's case was "non-complex" and the likelihood of jury confusion was de minimis.
 
 
 10
 Likewise, Gnirke's conviction did not occur "as the result of different jurors concluding that the defendant committed different acts." Congress may "define different courses of conduct ... as merely alternative means of committing a single offense, thereby permitting a defendant's conviction without jury agreement as to which course ... actually occurred." Schad v. Arizona, 501 U.S. 624, 632 (1991) (plurality opinion); see also United States v. McCormick, 72 F.3d 1404, 1409 (9th Cir.1995); Sullivan v. Borg, 1 F.3d 926, 927-28 (9th Cir.1993), cert. denied, 510 U.S. 1096 (1994). Because oral manipulation of the penis and touching, not through the clothes, of the genital area are "merely alternative means of committing a single offense," juror unanimity as to the specific means by which Gnirke committed the crime of aggravated sexual abuse was not constitutionally required. Accordingly, the district court was not required to provide the jury with a specific unanimity instruction or a special verdict form.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that Gnirke's claim should be reviewed for plain error because Gnirke's request for the unanimity instruction was untimely. However, the district court considered Gnirke's request on the merits, indicating its belief that his request was timely. Therefore, plain error review is not appropriate