131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deshawn Vincent SMITH, Defendant-Appellant.
 No. 96-50166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1997.**
Decided Nov. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California John G. Davies, District Judge, Presiding.
 Before: GIBSON,*** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Deshawn Vincent Smith appeals his convictions for armed robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (1994), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (1994).
 
 
 3
 As there was no objection at trial to the jury instructions given, this court reviews for plain error. United States v. Anguiano, 873 F.3d 1314, 1318-19 (9th Cir.1989). An improper jury instruction rarely justifies a plain error finding. United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986).
 
 
 4
 The district court read the general unanimity jury instruction as well as an instruction proposed by the government regarding the use of a firearm during and in relation to a crime of violence. The instruction permitted the jury to convict on the basis of finding that defendant carried either a semiautomatic handgun or a semiautomatic assault weapon.
 
 
 5
 Where there is a genuine possibility of jury confusion, the trial judge must augment the general unanimity instruction to ensure the jury understands its duty to agree unanimously to a particular set of predicate facts. United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983). The situation in which a jury may genuinely be confused only arises where the nature of the evidence is complex, there is a discrepancy between the evidence and the indictment, "or some other particular factor creates a genuine possibility of juror confusion." United States v. Frazin, 780 F.2d 1461, 1468 (9th Cir.1986).
 
 
 6
 This is a case of a two-count indictment involving a bank robbery on one day. There was ample evidence the defendant Terrill Smith carried the nine millimeter semiautomatic handgun and that Arman Davis carried the semiautomatic assault weapon--witnesses identified the guns in court and the whole robbery was caught on videotape. There was no genuine possibility of jury confusion about which guns Deshawn Smith aided and abetted in the use of. Accordingly, the district court's standard unanimity jury instruction was sufficient.
 
 
 7
 Defendant also contends the district court abused its discretion by asking African-American prospective jurors if their race would affect their ability to judge the African-American defendants. We disagree. The "Constitution leaves it to the trial court, and the judicial system within which that court operates, to determine the need for such questions [regarding race]." Rosales-Lopez v. United States, 451 U.S. 182, 190 (1981). Federal judges have been accorded ample discretion in determining how best to conduct voir dire because "the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions." Id. at 189. Given the trial court's broad discretion in conducting voir dire, defendant has not shown questions directed at the discovery of racial prejudice violated his right to a fair and unbiased jury.
 
 
 8
 Evidence is sufficient to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Defendant drove his armed accomplices to the bank, kept track of the time, was a look-out for the police, and drove the getaway car immediately following the robbery. There was ample evidence from which a rational trier of fact could conclude that defendant knowingly and intentionally aided and abetted the principal offenses.
 
 
 9
 Defendant's conviction is still valid in light of Bailey v. United States, 116 S.Ct. 501 (1995). Bailey does not preclude aider and abettor liability for using or carrying a firearm during and in relation to a crime of violence.
 
 
 10
 We agree with counsel that Smith's appeal raises no meritorious issues, and grant counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3