JUSTICE NELSON
specially concurs.
¶35 I concur with the Court’s opinion as to Issues 2,3 and 4.1 concur with the result reached as to Issue 1, but not on the basis expressed in the Court’s opinion. Rather, on this issue, I would reach and rule on the merits of Harris’ argument.
¶36 In State v. Weaver, 1998 MT 167, 290 Mont. 58, 964 P.2d 713, we addressed, via plain error analysis, the same issue raised here by Harris. Weaver, ¶¶ 22 through 40. Harris was tried in December 1997, and, accordingly, because Weaver was handed down on July 1, 1998, neither Harris, his counsel nor the trial court had the benefit of our decision. Having addressed the same unanimity instruction issue in Weaver on the basis of the plain error rationale set out in State v. Finley (1996), 276 Mont. 126, 915 P.2d 208, I can see no logical reason why we should not also do the same thing here.
¶37 Having said that, I would, nevertheless, hold that a specific (as opposed to a general) unanimity instruction was not warranted in this case. In Weaver, we held that a specific unanimity instruction is required in cases where different criminal acts are charged in one count. In other words, the jury is to be instructed that it must reach a unanimous verdict on at least one specific act for each count. Weaver, ¶¶ 38-40.
*406 ¶38 Notwithstanding our adoption of this general rule, we also recognized an exception where
the criminal acts are so closely connected that they form part of one and the same transaction, and thus one offense. Thus, “[s]eparate acts may also result in but one crime if they occur within a relatively short time span ... ”.
Weaver; ¶ 35 (citing People v. Gordon (1985), 165 Cal.App.3d 839, 854-55, 212 Cal.Rptr. 174, 184-85). In these sorts of cases, the general unanimity instruction will suffice. See Weaver, ¶ 29.
¶39 In my view, this “continuous course of conduct” exception applies in the case sub judice. Here, the record reflects that Harris had sexual relations with Gwen commencing shortly after her 13th birthday and on a regular basis for eight years thereafter. While Gwen testified that Harris’ began having sex with her a couple of months after she began menstruating at age 13 and that the last act of sex occurred on January 1, 1997, she could not otherwise remember intervening specific dates that Harris had sex with her. Unlike the victims in Weaver, the sexual assaults on Gwen involved more that a few discreet incidents. See Weaver, ¶¶ 7-17, 36. Gwen testified that Harris demanded sex from her frequently, as often as two to four times per week whenever her mother and brother were away from their isolated, backwoods home. For the most part Harris would either physically force her, intimidate her or frighten her into having sex with him on these occasions. As the District Court noted in its sentencing order “[t]he Defendant held his adopted daughter as his virtual ‘sex slave’ for a number of years in a remote location, isolating her from her friends, and preventing her from attending school.” These facts distinguish the instant case from Weaver.
¶40 I conclude that Harris’ criminal acts were so closely connected that they formed part of one and the same transaction, and thus one offense — i.e. that his acts of incest were a “continuous course of conduct.” Harris was only charged with and convicted of one count of incest, albeit that “between November 1988 and January 1,1997,... [he] ... on many occasions knowingly had sexual intercourse with Gwen... his adopted daughter.” On the evidence and record here there was no genuine possibility of jury confusion or that Harris would be convicted as a result of different jurors concluding that he committed different acts. See Weaver, ¶ 34 (quoting United States v. Echeverry (9th Cir. 1983), 719 F.2d 974, 975). While Harris’ criminal conduct occurred over an eight year period — and, thus, arguably, not over a *407 short time span — his repeated illegal acts during that period were so frequently perpetrated and so closely connected as to be properly viewed as a single continuous or running offense.
¶41 Accordingly, on the record here, I would hold that the trial court did not err in failing to give a specific unanimity instruction. I would affirm as to Issue 1 on this basis.
JUSTICES LEAPHART and REGNIER join in the foregoing special concurrence.