**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fernando GONZALES–BARRERA, aka**
**Pequeno, aka Fernando Gonzales**
**Berrera Defendant–Appellant.**

No. 05–10113.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted April 7, 2006.

Decided May 9, 2006.

Lisa Jennis Settel, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Donald W. MacPherson, Esq., The Mac-Pherson Group, PC, Glendale, AZ, for Defendant–Appellant.

Before: BEEZER and FISHER, Circuit Judges, and TIMLIN, Senior District Judge.*

## MEMORANDUM **

Gonzales–Barrera appeals his jury conviction for bringing in and harboring illegal aliens, conspiracy to harbor illegal aliens, hostage taking, conspiracy to commit hostage taking, and being an illegal alien in possession of a firearm. Gonzales–Barrera asserts on appeal that the district court gave certain erroneous jury instructions at trial, specifically the instructions for conspiracy and vicarious *Pinkerton* liability for substantive crimes,

---

* The Honorable Robert J. Timlin, Senior Judge, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and also failed to give specific unanimity instructions.

Gonzales–Barrera did not object at trial to any of the jury instructions or to the failure to give specific unanimity instructions, and therefore his contentions are reviewed for plain error. *See* Fed. R.Crim.P. 52(b); *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (jury instructions); *United States v. Shipsey,* 190 F.3d 1081, 1085 (9th Cir.1999). Because the parties are familiar with the facts, we do not recite them in detail.

■ First, Gonzales–Barrera contends that, although the First Superseding Indictment ("the indictment") here only alleges two conspiracies, the indictment was constructively amended by the two *Pinkerton* liability jury instructions which erroneously implied that two additional unindicted conspiracies were before the jury for its consideration. This argument is predicated on a misstatement of both the law of *Pinkerton* liability in general and of the instant jury instructions regarding *Pinkerton* liability. Contrary to Gonzales–Barrera's assertions, the substantive crime of which a jury finds a defendant guilty based on *Pinkerton* vicarious liability can be a different offense from that alleged to be the object of the conspiracy, without creating a new conspiracy. *See, e.g., Shockley v. United States,* 166 F.2d 704, 715 (9th Cir.), *cert. denied,* 334 U.S. 850, 68 S.Ct. 1502, 92 L.Ed. 1773 (1948). The jury instructions here correctly instructed the jury that it could find Gonzales–Barrera guilty of one substantive offense if it was in furtherance of a conspiracy to commit another offense. No constructive amendment of the indictment occurred.

Second, Gonzales–Barrera asserts that the *Pinkerton* liability jury instructions were defective in that they permitted the jury to find him guilty of a crime committed by a co-conspirator in furtherance of one conspiracy, while finding that Gonzales–Barrera was not a member of that conspiracy but rather only a member of a different conspiracy. The language used in the *Pinkerton* liability jury instructions here closely tracks a jury instruction approved by this court in *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1202–03 (9th Cir.2000).

■ However, with regard to the fourth element of the offense, the *Pinkerton* liability jury instructions here state the jury must find "the defendant was a member of *at least one of the same* conspiracies" when the particular substantive offense was committed, while the instruction approved in *Alvarez–Valenzuela* stated that the "defendant was a member of the *same* conspiracy." (Emphasis added). Assuming that the inclusion of different language in the jury instruction here from that approved in *Alvarez–Valenzuela* somehow introduced some possible confusion, any such error is harmless as it did not affect substantial rights. *See United States v. Delgado,* 357 F.3d 1061, 1065 (9th Cir.2004). Affecting substantial rights means in most cases that the error was prejudicial in that it affected the outcome of the proceedings. *See United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). There is no evidence in the record of actual juror confusion regarding this instruction. Furthermore, the jury found Gonzales–Barrera guilty of both conspiracies, and therefore, the possibility that Gonzales–Barrera raises on appeal—that the jury could have found him guilty of the substantive offenses of a co-conspirator in conspiracy A who committed these crimes in furtherance of conspiracy B to which Gonzales–Barrera was not a party—is foreclosed by the verdict of guilty as to both conspiracies.

Third, Gonzales–Barrera argues that the general jury instruction about conspiracy "that there was a plan to commit at least one of the crimes alleged" confused the jury regarding what the permissible objects of the conspiracy were. In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberations. *United States v. Garcia–Rivera*, 353 F.3d 788, 792 (9th Cir. 2003). Here, other jury instructions specified that the object of the conspiracies must be either hostage taking or harboring aliens. Therefore, no plain error occurred with regard to this instruction.

Finally, Gonzales–Barrera argues that the district court erred in failing to give specific unanimity jury instructions with respect to certain findings that the jury was required to make. A general unanimity instruction will normally suffice to instruct the jury that they must be unanimous as to the elements which form the basis of the conviction. *Jeffries v. Blodgett*, 5 F.3d 1180, 1195 (9th Cir.1993). The exception to the general rule involves situations in which "there is a genuine possibility of jury confusion or that conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983). Juror confusion is often a genuine possibility when the nature of the evidence is complex, when there is a discrepancy between the evidence and the indictment, or some other particular factor creates such a possibility of confusion. *United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir.1986).

Here, the jury was instructed three times that its verdict must be unanimous as to each element of the charged offense. The case was not factually complex. It involved a relatively simple factual scenario and was fairly limited in scope and time. The indictment was not broadly worded or ambiguous, such as to create jury confusion. The trial was only four days long, and the jury deliberated for only a short time. Finally, during deliberation, the jury did not request any clarification regarding the conspiracies or the hostage taking and harboring counts, while they did ask an innocuous procedural question concerning one of charges of being an illegal alien in possession of a firearm.

Absent any contrary indications concerning jury confusion, Gonzales–Barrera has failed to show that a more particularized unanimity instruction was necessary to avoid the genuine possibility of jury confusion, or that a conviction occurred as to any particular count of the indictment as a result of different jurors concluding that Gonzales–Barrera committed different acts.

Accordingly, we affirm the jury conviction of Gonzales–Barrera.

**AFFIRMED.**