MEMORANDUM *
The primary issue on appeal is whether there is sufficient competent evidence in the record from which a jury, properly instructed, could conclude beyond a reasonable doubt, that Gilak was either a principal or an aider and abettor in a scheme to defraud. The record reflects that Gilak managed many of the accounts that were a critical part of the overall scheme, that she repeatedly lied to conceal violations of SEC regulations, and that she faked transactions to generate the appearance that the corporations at issue were profitable. There is sufficient evidence to support the jury conviction of one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and five counts of conducting financial transactions to commit securities fraud in violation of 18 U.S.C. § 1956(a)(1)(A)®. We understand but reject her argument on appeal. “Conviction as an aider and abettor requires proof beyond a reasonable doubt that the defendant willingly associated himself with a criminal venture and participated therein in something he wished to bring about.” United States v. Cloud, 872 F.2d 846, 850 *999 (9th Cir.1989). It is not necessary that the defendant be aware of every detail of the impending crime. United States v. Smith, 832 F.2d 1167, 1170 (9th Cir.1987). Circumstantial evidence can suffice.
There is no merit to Gilak’s contention that the evidence at trial was insufficient to prove the scheme alleged in the indictment. Although the indictment used the term “pump and dump” to describe the alleged scheme, the offense charged in the Indictment is securities fraud, and the existence of a pump and dump scheme is not a necessary element of a securities fraud violation. 15 U.S.C. § 78j(b), 78ff. The government therefore did not have to prove the existence of a classic pump and dump scheme, or a variation thereof, to obtain Gilak’s conviction. United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.1986) (“Insofar as the language of an indictment goes beyond alleging elements of the crime, it is mere surplusage that need not be proved”).
There was no fatal variance between the evidence presented at trial and the scheme alleged in the indictment. See Jones v. Smith, 231 F.3d 1227, 1232 (9th Cir.2000). The District Court did not err by refusing to make a specific unanimity instruction to the jury instead of a general one. A specific unanimity instruction is only required where there is a possibility of juror confusion or when a “conviction may result from different jurors concluding that the defendant committed different acts.” Jeffries v. Blodgett, 5 F.3d 1180, 1195 (9th Cir.1993) (quoting United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983)). Gilak has not articulated a distinct scheme that a jury could reasonably adduce from the trial record other than the scheme alleged and charged. A specific unanimity instruction was not required.
Although the government called a witness with little prior warning, there was no specific prejudice resulting from the timing of the disclosure of the witness. There was no abuse of discretion in permitting the testimony. Gilak argued that the admission of evidence about her husband’s prior conviction and about her spending habits had some prejudicial effect. The evidence had significant probative value which outweighed any possible prejudicial effect.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.