NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Appellee,<br><br>  v.<br><br>MICHELLE MADONA OSBORN,<br><br>              Defendant-Appellant. | No.    20-30092<br>          20-30144<br><br>D.C. Nos.<br>3:19-cr-05358-RBL-1<br>3:19-cr-05358-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 6, 2021[**]
Seattle, Washington

Before:  PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Michelle Madona Osborn appeals her conviction and sentence for residential

burglary, theft, and possession of stolen property, in violation of Washington state

law.  The property crimes occurred in Olympic National Park.  We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1.      Osborn challenges the district court's dismissal of prospective Juror 31 "for cause" based on hardship.  We review the district court's decision for abuse of discretion.  *See United States v. Milner*, 962 F.2d 908, 911 (9th Cir. 1992).  Prospective Juror 31 worked for a cannabis grow farm and was responsible for "compliance and inventory."  When asked if he had any hardship, prospective Juror 31 stated that he was "concerned with being able to keep the company [] compliant, which is 24 hours a day."  The district court may remove prospective jurors for hardship.  28 U.S.C § 1866(c).  Doing so here was not an abuse of discretion.

Osborn's claim that the removal of prospective Juror 31 violated her Sixth Amendment right to an impartial jury also fails.  Osborn does not specifically argue the elements of a fair representation challenge, *see Duren v. Missouri*, 439 U.S. 357, 364 (1979), and does not show that the district court otherwise abused its broad discretion during jury selection, *see United States v. Calhoun*, 542 F.2d 1094, 1103 (9th Cir. 1976) ("A trial judge has broad discretion in this area which will not be reversed absent clear abuse.").  Osborn points to no evidence that the seated jurors were partial or otherwise failed to perform their duties.

2.      Osborn also challenges the district court's formulation of several jury instructions.  We review for abuse of discretion.  *See United States v. Garcia*, 768

F.3d 822, 827 (9th Cir. 2014).

The district court did not abuse its discretion in denying Osborn's request for a special unanimity instruction on the two counts for theft and the third count for possession of stolen property. The aggregation of items under a single count of theft or possession of stolen property is specifically contemplated under Washington state law. *See* Wash. Rev. Code §§ 9A.56.010(21)(c), (d). Under Washington law, a person is guilty of theft in the third degree if he commits theft of property or services which do not exceed $750 in value.[1] Wash. Rev. Code § 9A.56.050. The statute does not define the type or quantum of property that must be stolen. Wrongfully obtaining one item instead of or in addition to another is simply a different means of committing third-degree theft. *See State v. Vining*, 472 P.2d 564, 568 (Wash. 1970) (providing that property stolen from the same owner and the same place by a series of acts may fall under a single crime). The same is true for the possession of stolen property charge. *See* Wash. Rev. Code § 9A.56.170; *State v. McReynolds*, 71 P.3d 663, 677 (Wash. 2003) (allowing prosecutors to aggregate discrete possessions into a single count). Osborn further contends that the jury's note evidenced a "genuine possibility of jury confusion." *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011);

---

[1] The value thresholds are not at issue here, because there is no minimum value for third-degree theft or possession of stolen property, and the parties do not dispute that the maximum amount of $750 has not been exceeded.

3

*see also United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983). The district court, however, considered the testimony about the household items and reasonably concluded that the jury would be able to determine which items were charged under Count 5. Therefore, the district court did not abuse its discretion in denying Osborn's request for specific unanimity instructions.

The district court also did not abuse its discretion in giving the jury an aiding and abetting instruction. Aiding and abetting may be implied in every federal offense. *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995). The aiding and abetting instruction was particularly appropriate here because, during closing arguments, Osborn raised the possibility that she did not personally remove the stolen property. Osborn also introduced testimony that the safe she allegedly stole weighed 50-60 pounds, then argued in closing arguments that it would have been difficult to remove without help.

3. Finally, Osborn argues that her four-month custodial sentence followed by three years of supervised release was substantively unreasonable because the district court was concerned that she would be a "Typhoid Mary" for the COVID-19 pandemic. Osborn failed to raise this objection below, and we therefore review for plain error. *United States v. Valencia-Barragan*, 608 F.3d

4

1103, 1108 (9th Cir. 2010).[2] Osborn faults the district court for its concern that she may be unable to comply with public health measures relating to COVID-19, but she has failed to show that this resulted in an unreasonable sentence. Other factors under 18 U.S.C. § 3553(a) support Osborn's sentence, which was on the lower end of the mandatory three to nine months guideline range under Washington state law, and substantially lower than the federal Sentencing Guidelines range of 30-37 months. Given Osborn's arrest history, bond violations, and pending charges for forgery and violating a no-contact order, her sentence was clearly reasonable and well-supported by the record.

**AFFIRMED.**

---

[2] But even if we were to review for abuse of discretion, as Osborn contends we should, we would nevertheless affirm.